UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GWENYTH D. FORBES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-409 |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

I.

Before the Court is the defendant's, Citimortgage, Inc., motion to dismiss the plaintiff's original petition or, in the alternative, motion for a more definite statement (Doc. No. 7).  The plaintiff, Gwenyth D. Forbes, although properly served with the defendant's motion, has failed to timely respond or file an amended petition that would cure the alleged defects in her pleadings.[1] The Court has reviewed the motion and the plaintiff's pleadings and determines that the defendant's motion should be denied.

II.

According to the pleadings and documents on file, the plaintiff purchased a home that the defendant financed on March 31, 2006.  The dispute centers on the establishment of an escrow account, by the defendant, for taxes and insurance on the part of the defendant.  According to the plaintiff, and Exhibit 1 to the defendant's motion to dismiss, the plaintiff executed an "Escrow Waiver" at the time that the loan transaction was consummated.  Pursuant to the agreement, the defendant agreed to waive the requirement for a monthly deposit in exchange for the plaintiff's

---

[1] On November 15, 2011, the plaintiff filed an untimely response.  However, neither that fact nor the content of the response alters the results reached here.

agreement to timely pay any and all property taxes and meet the defendant's insurance requirements.

The defendant asserts that the plaintiff failed to timely pay the property taxes for tax years 2007 and 2008.  As a result, the plaintiff was declared to be in default on her loan obligations.  In both years, the defendant paid the assessed property taxes from an established escrow account consisting of a portion of the plaintiff's monthly payments.  As a result, the plaintiff's monthly payments were allocated to both the note and the escrow account.  These allocations resulted in the plaintiff's payments being insufficient to cover the usual note obligation.

III.

The plaintiff filed this suit to prevent the foreclosure on her home.  She asserts as the basis for her suit that the defendant breached its contract with the plaintiff, has unjustly enriched itself in the process, and violated the TDCA and the DTPA.

The defendant asserts that the plaintiff cannot state a viable claim for breach of contract, unjust enrichment or violation under the TDCA and DTPA.  In support of its contentions, the defendant points to the plaintiff's pleadings where the defendant contends the plaintiff fails to plead that "she performed under the contract or that [the defendant] failed to perform."  Pointing to the Escrow Waiver, the defendant maintains that the plaintiff failed to plead that she fulfill her obligations under the agreement, and therefore, the Court cannot infer that she did.  The defendant contends, as well, that the plaintiff's claim of unjust enrichment does not assert a fraud basis for its cognizability or assert facts that show how the defendant benefitted.  Likewise, the defendant contends that the plaintiff's pleadings fail to demonstrate facts that support a claim under either the TDCA or the DTPA.

IV.

Unlike a motion for summary judgment where a court may grant judgment when the facts are undisputed, a Court acts beyond its authority under Fed. R. Civ. P. 12(b)(6), when its focus is on outcome. The Court is constrained to the pleadings, determining whether the factual allegations are sufficient to support a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Hence, the Court must determine that the facts, as pled, are insufficient to support a cause of action.

The Court is of the opinion that the pleadings, taken as true, establish a plausible cause of action against the defendant. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff asserts that she "made all necessary mortgage payments…for the previous four years" leading up to the defendant's efforts at foreclosure. She states that the dispute centers on the establishment of an escrow account and that "the monthly payments on the loan and the taxes and insurance have also been paid." While the defendant claims that it paid the taxes and insurance, this statement simply confirms the statement of the plaintiff, but does not defeat the plaintiff's suit. The credibility of the defendant's statements and documents and the plaintiff's claims, are not before the Court.

The Court is of the opinion and HOLDS that the defendant's motion to dismiss should be, and it is hereby, DENIED.

It is so ORDERED.

SIGNED at Houston, Texas this 21st day of November, 2011.

_____
Kenneth M. Hoyt
United States District Judge